# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 72

**APRIL TERM, A.D. 2026**

**July 7, 2026**

JOHN ROBERT ALLEN,

Appellant
(Defendant),

v.                                                                                  S-25-0292

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Petitioner:*
Office of the State Public Defender: Patricia L. Bennett, Wyoming State Public Defender, Kirk A. Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Respondent:*
Keith G. Kautz, Attorney General, Jenny L. Craig, Deputy Attorney General, Kristen R. Jones, Senior Assistant Attorney General, Samuel L. Williams, Senior Assistant Attorney General. Argument by Mr. Williams.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

*BOOMGAARDEN, C.J., delivers the opinion of the Court; HILL, J., files an opinion concurring in part and dissenting in part.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Chief Justice.**

[¶1]     John Robert Allen pleaded guilty to three counts of first-degree sexual abuse of a minor. Prior to his plea, the district court ordered Mr. Allen to sell one of his vehicles and deposit the proceeds with the clerk of district court to secure payment of Mr. Allen's public defender fees. The district court required the deposit as a condition for Mr. Allen to maintain his public defender appointment. On appeal, Mr. Allen argues the district court lacked authority to require him to sell the vehicle and deposit the proceeds. The State argues Mr. Allen waived this issue by pleading guilty. We conclude Mr. Allen did not waive this issue and reverse and remand.

## ISSUES

[¶2]     We restate the issues in this case as:

> 1. Did Mr. Allen waive the right to challenge the district court's order requiring him to sell his vehicle as a condition of maintaining representation by his public defender?
>
> 2. Did the district court have authority to order Mr. Allen to sell his vehicle as a condition of maintaining representation by his public defender?

## FACTS

[¶3]     The State charged Mr. Allen with six counts of first-degree sexual abuse of a minor. The circuit court appointed the Wyoming Public Defender to represent him. The circuit court bound Mr. Allen's case over to district court, and the district court set bond at $100,000 cash or surety. Mr. Allen posted a $100,000 surety bond.

[¶4]     After Mr. Allen posted the bond, his public defender moved the court to reconsider or terminate the appointment, explaining Mr. Allen's ability to post a bond in that amount called into question his ability to afford private counsel. The district court held a hearing. At the hearing, the court asked Mr. Allen about his finances. Mr. Allen explained he had lost his job since being arrested. He told the court he was able to post his bond because his wife used a credit card and sold a horse and a horse trailer. Mr. Allen also explained he had no retirement accounts or borrowing capacity due to his lack of income.

[¶5]     The only assets Mr. Allen identified were the equity in his home, the income from his wife's job, and several vehicles. Among the vehicles was his daughter's 2016 Ford Escape (the Escape). Mr. Allen explained the Escape was only in his name because his

1

daughter was 17 years old. Mr. Allen and his wife planned to sign the Escape over to his daughter once she reached the age of majority.

[¶6]  The district court decided it would require Mr. Allen to sell the Escape, explaining:

> My feeling is that Mr. Allen should continue to be represented by the public defender but expect at the resolution of this case . . . that there be some contribution to the fees that are associated with his defense and that it would be the [c]ourt's expectation that the vehicle be sold for fair market value now and that those funds be retained to reimburse the public defender at the conclusion of this case. . . .
>
> My alternative is just to say you don't get a public defender, find yourself your own attorney and figure out where you get $20,000. But the alternative right now is that the vehicle, which is an extra asset of [Mr. Allen], be liquidated immediately and those funds be available to reimburse the State of Wyoming.

[¶7]  The district court ordered Mr. Allen to have the Escape appraised within 30 days, file the appraisal with the court, and deposit the amount of the appraisal with the clerk of district court.[1] It ordered that at the end of Mr. Allen's case, the deposit would go toward his public defender fees and the remainder would be returned to Mr. Allen or his wife. Mr. Allen did not object to the district court's order. He filed an appraisal valuing the Escape at $9,600 and deposited approximately that amount with the clerk.[2]

[¶8]  Mr. Allen later reached a plea agreement with the State. He pleaded guilty to three of the six counts of first degree sexual abuse of a minor and the district court dismissed the other three counts on the State's motion. The district court sentenced Mr. Allen to consecutive sentences of 25–35 years on each count. The court ordered Mr. Allen's deposit to be used to pay his public defender fees and other court fees, and the remainder

---

[1] The district court's oral ruling required the sale of the Escape and deposit of the proceeds, while its written ruling required "the appraised amount" of the Escape to be deposited with the clerk. The district court's oral ruling controls over its written order. *See Putnam v. State*, 2020 WY 133, ¶ 18 n.1, 474 P.3d 613, 618 n.1 (Wyo. 2020).

[2] The exact amount Mr. Allen deposited is unclear. At Mr. Allen's sentencing, defense counsel and the district court stated the amount was $9,500. In his brief, Mr. Allen asks that his "deposit of $9,600 be returned to him." In its brief, the State claims the amount is "approximately $9,140," which it appears to have calculated by adding the amount the court withheld from Mr. Allen's deposit to the amount it returned to him. The amount Mr. Allen deposited is irrelevant to our resolution of this case.

to be refunded to Mr. Allen. This appeal followed.

## DISCUSSION

### I. Mr. Allen did not waive the ability to challenge the district court's order requiring him to sell the Escape in order to maintain representation by his appointed attorney.

[¶9]    The State argues we should not address Mr. Allen's challenge to the district court's authority to order Mr. Allen to sell the Escape in order to maintain representation by his public defender because Mr. Allen waived the issue when he pleaded guilty. Whether a defendant waives an appellate issue by pleading guilty is a question of law we review de novo. *Dahl v. State*, 2020 WY 59, ¶ 9, 462 P.3d 912, 914 (Wyo. 2020).

[¶10]  When a defendant pleads guilty, he gives up the right to raise certain issues on appeal. We have said a defendant who pleads guilty "admits all the essential elements of the crime and waives all issues except those related to jurisdiction or the voluntariness of the plea." *Dahl*, 2020 WY 59, ¶ 10, 462 P.3d at 914 (citing *Popkin v. State*, 2018 WY 121, ¶ 12, 429 P.3d 53, 55 (Wyo. 2018)). Though in *Dahl* we said a defendant waives all "issues" other than jurisdiction and voluntariness of the plea, 2020 WY 59, ¶ 10, 462 P.3d at 914, a review of our precedent reveals we have only precluded review of "issues" related to a defendant's guilt or conviction.

[¶11]  In *Dahl*, Mr. Dahl argued the district court lacked jurisdiction over him with respect to an unlawful entry charge because the information contained a citation error and failed to state an element of the crime. 2020 WY 59, ¶ 12, 462 P.3d at 915. We held Mr. Dahl waived his arguments because he had pleaded no contest and his arguments were not jurisdictional or related to the voluntariness of his plea. *Id.*, ¶¶ 13–26, 462 P.3d at 915–18. Though not explicit in our decision, it is clear Mr. Dahl challenged the charge stated in the information because he sought to nullify his conviction for the charge of unlawful entry—a conviction he had already accepted by pleading no contest. *See id.*, ¶ 12, 462 P.3d at 915.

[¶12]  Likewise, in *Hagen v. State*, we held Mr. Hagen waived his ability to challenge the legality of his escape conviction on the ground that he was not being legally detained at the time of his alleged escape. 2014 WY 141, ¶ 9, 336 P.3d 1219, 1222 (Wyo. 2014). Like in *Dahl*, the issue Mr. Hagen waived concerned his guilt and resulting conviction. *See Hagen*, 2014 WY 141, ¶ 9, 336 P.3d at 1222 ("Appellant, however, does not challenge the district court's jurisdiction, and he provides no argument supporting a claim that his plea was not voluntary. Because Appellant has not asserted a valid basis for challenging **his conviction** after a plea of no contest, we affirm[.]") (emphasis added).

3

[¶13] We have also held a defendant waived challenges to the denial of a motion to continue his trial, *Van Haele v. State*, 2004 WY 59, ¶¶ 16–20, 90 P.3d 708, 713–14 (Wyo. 2004), to an arrest warrant and search procedures, *Taylor v. State*, 2003 WY 97, ¶ 12, 74 P.3d 1236, 1239 (Wyo. 2003), to the validity of the State's information, *Ochoa v. State*, 848 P.2d 1359, 1361–62 (Wyo. 1993), to the denial of counsel at a preliminary hearing, *Davila v. State*, 831 P.2d 204, 205–06 (Wyo. 1992),[3] and to the validity of grand jury proceedings, *Sword v. State*, 746 P.2d 423, 425–26 (Wyo. 1987). In each of these cases, the defendant's objective was to reverse his convictions, obtain a new trial, or otherwise pursue a more favorable outcome on the issues of his guilt and conviction.

[¶14] Mr. Allen's case is unique in this regard. The district court sentenced him to three consecutive sentences of 25–35 years' imprisonment. Mr. Allen does not contest his guilt, the voluntariness of his plea, or anything related to his actual conviction.

[¶15] The relevance of this distinction is confirmed by the purpose of the waiver rule. The United States Supreme Court has explained the reason a defendant waives most defenses by pleading guilty is to prevent a defendant from making claims that would contradict his admission of guilt. *Class v. United States*, 583 U.S. 174, 183, 138 S. Ct. 798, 805, 200 L.Ed.2d 37 (2018) ("[A] valid guilty plea relinquishes any claim that would contradict the 'admissions necessarily made upon entry of a voluntary plea of guilty.'") (quoting *United States v. Broce*, 488 U.S. 563, 573-74, 109 S. Ct. 757, 764, 102 L.Ed.2d 927 (1989)). Similarly, our earliest statements of the waiver rule speak in terms of a defendant waiving "defenses," *e.g.*, *Small v. State*, 623 P.2d 1200, 1202 (Wyo. 1981), as opposed to all "issues."

[¶16] We acknowledge the waiver rule serves the purpose of finality in criminal cases when a defendant pleads guilty. *Van Haele*, 2004 WY 59, ¶¶ 17–18, 90 P.3d at 713–14. As noted, however, Mr. Allen does not seek to litigate the question of his guilt. *See id.*, ¶ 18, 90 P.3d at 714 ("More than a confession, a guilty plea signals [a] defendant's 'intention not to litigate the question of his guilt[.]'") (quoting *People v. Taylor*, 478 N.E.2d 755, 757 (N.Y. 1985)). Consequently, requiring him to take his case to trial simply to preserve the issue related to the forced sale of his personal property would more defeat the principles of judicial economy than it would further the interest in the finality of his conviction. *See Van Haele*, 2004 WY 59, ¶¶ 17–18, 90 P.3d at 713–14. For these reasons, we conclude Mr. Allen did not waive the ability to contest the district court's order requiring him to sell the Escape in order to maintain representation by his appointed attorney.

---

[3] Mr. Davila argued the county court denied him counsel at his preliminary hearing by denying his motion to continue the hearing while he searched for counsel. *Id.*, 831 P.2d at 204. He claimed this this made his preliminary hearing invalid, violated his constitutional rights, and voided the county court's order binding his case over to district court. *Id.*

***II.*** ***The district court exceeded its authority to order Mr. Allen to contribute to the costs of his representation when it required him to sell the Escape and deposit the proceeds with the clerk of district court.***

[¶17]  The State contends that if Mr. Allen did not waive his issue, he forfeited it. It argues plain error should apply because Mr. Allen did not object to the district court's order and ultimately deposited the ordered funds with the clerk.

[¶18]  Looking to our restitution precedent, we conclude the authority issue Mr. Allen raises should be reviewed de novo notwithstanding his failure to object. In *Coleman v. State*, we reasoned:

> The distinction between whether a defendant is making a factual challenge to an order of restitution or whether he is challenging the authority of the trial court to make a particular award of restitution is an important one. Challenges to the ***factual*** basis of an award of restitution can be waived in certain circumstances by the defendant's voluntary actions, such as entering into a plea agreement, and then failing to make any objection at sentencing, as occurred in *Meerscheidt* [*v. State*, 931 P.2d 220 (Wyo. 1997)]. Outside the context of a plea agreement, the failure to object to a factual determination in the awarding of restitution results in an appellate review for plain error. In contrast, a challenge by a defendant to the ***authority*** of a trial court to make a particular award of restitution is reviewed on appeal under a *de novo* statutory interpretation standard whether or not the defendant objected or entered into a plea agreement. While not explicit in our decision in *Meerscheidt*, the reason for conducting a *de novo* review under such circumstances is that a court has only that authority to act which is conferred by the subject statute.

2005 WY 69, ¶ 11, 115 P.3d 411, 413–14 (Wyo. 2005) (quoting *Penner v. State*, 2003 WY 143, ¶ 7, 78 P.3d 1045, 1047–48 (Wyo. 2003)).

[¶19]  The same reasoning applies here. Mr. Allen challenges the district court's authority to force him to either liquidate an asset or lose representation by court-appointed counsel. He does not contest the factual basis for the district court's determination that he was able to contribute to the cost of his representation. Instead, he asserts "the district court lacked authority to order the sale of personal property, and remittance of funds, in such a manner."

5

[¶20] A trial court's authority to require a defendant to contribute to the cost of representation by his court-appointed attorney comes from Wyo. Stat. Ann. § 7-6-106 (2025) and W.R.Cr.P. 44. In every case where a defendant is represented by the Wyoming Public Defender, "the presiding judge shall determine whether the person . . . is able to provide any funds towards payment of part or all of the cost associated with such services." § 7-6-106(c). If the court finds the defendant is able to contribute, it "shall order the person . . . to reimburse the state for all or part of the costs of the services provided[.]" *Id.*

[¶21] W.R.Cr.P. 44(b)(3) supplements the public defender statutes by requiring the court to advise a defendant of his obligation to contribute to the costs of his representation if he is able. The court must "determine the defendant's ability to make monthly or other periodic payments and require the defendant to make such payments to the clerk of the court as a condition of the appointment." *Id.* A defendant's appointed attorney is required to advise the court if he learns his client may be financially able to contribute to the costs of his representation. W.R.Cr.P. 44(b)(7).

[¶22] "While the court has authority to order defendants to pay for public defender services, the statute granting such power is silent on the appropriate method to use." *Mitchell v. State*, 982 P.2d 717, 724 (Wyo. 1999) (citing Wyo. Stat. Ann. § 7-6-106(c) (1997)). In *Mitchell*, "[t]he trial court ordered Mitchell to reimburse the public defender's office $2400, to be partially paid from the forfeiture of Mitchell's truck." *Id.* We concluded neither the forfeiture statute nor the public defender reimbursement statute authorized the court to pursue a forfeiture action to obtain repayment of a defendant's public defender fees. *Id.* We explained the procedure for reimbursement:

> Before ordering reimbursement, the trial court must first determine the defendant's ability to pay. If the defendant can pay, the court may order reimbursement, creating personal liability in the defendant. After the debt is reduced to a judgment, the State may seek execution of the judgment to seize the defendant's property, not subject to exemption, to satisfy the judgment. To pursue such a course of action, the State must follow the applicable statutes regarding judgment and execution.

*Id.* at 724–25 (citations and footnote omitted).

[¶23] Mr. Allen's case is similar to *Mitchell*. While the district court did not refer to its order as requiring a forfeiture, it required him to liquidate an asset in advance to pay his public defender fees. The court was certainly authorized to take Mr. Allen's non-cash assets into account when determining whether he was able to contribute to the cost of his representation. *See* W.R.Cr.P. 44(d)(5). It was also authorized to "determine

6

[Mr. Allen's] ability to make monthly or other periodic payments and require [Mr. Allen] to make such payments to the clerk of the court as a condition of the appointment." W.R.Cr.P. 44(b)(3). While the court could require monthly payments as a condition of an appointment, neither the statute nor the rule authorized the court to secure the State's payment in advance via the forced liquidation of Mr. Allen's assets. If a defendant fails to make payments as ordered, the State must seek repayment of its debt like any other judgment creditor. *See Mitchell*, 982 P.2d at 724–25; Wyo. Stat. Ann. § 7-6-108(a) (2025) ("Within six (6) years after the date the services were rendered, the attorney general may sue on behalf of the state to recover payment or reimbursement from each person who has received legal assistance or other benefits under this act[.]").

## *CONCLUSION*

[¶24] Mr. Allen does not contest any issues related to his guilt or conviction and does not raise any defenses to the crimes for which he was convicted. He therefore did not waive the ability to challenge the district court's unrelated pretrial order affecting only his personal property interest. On the merits of that challenge, the district court exceeded its authority by forcing Mr. Allen to liquidate an asset in order to maintain his representation. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

7

**HILL, Justice**, concurring in part and dissenting in part.

[¶25] I concur with the majority opinion regarding Issue 1. I agree Mr. Allen did not waive his right to challenge the district court's order requiring him to sell his vehicle as a condition of maintaining representation by his public defender for the reasons stated in the majority opinion.

[¶26] I, however, would not have extended our restitution precedent to review this matter de novo. Because Mr. Allen did not object below, in my view the merits of this matter should be reviewed under the plain error standard of review. Under that standard, Mr. Allen did not show the district court "violated a clear and unequivocal rule of law in a clear and obvious manner." *Mavigliano v. State*, 2025 WY 122, ¶ 11, 578 P.3d 800, 804 (Wyo. 2025) (citing *Hayes v. State*, 2024 WY 135, ¶ 18, 560 P.3d 902, 906 (Wyo. 2024)). A merely arguable violation is insufficient to show a violation of a clear and unequivocal rule of law. *Id.* To prevail, Mr. Allen must show the district court's decision "is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to raise the issue." *Id.* The lack of precedent holding it is improper to order a defendant to sell his vehicle as a condition of maintaining public defender representation calls into question whether there was a violation of a "clear and unequivocal rule of law," and in this instance I would not find one.

[¶27] I, therefore, would affirm the district court's order.